UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Diocese of Duluth,

                Plaintiff,                    Court File No. 17-cv-549 (DWF/LIB)

    v.

                                          **REPORT AND RECOMMENDATION**

Liberty Mutual Group, Inc., et al.

                Defendants.

_____

This matter came before the undersigned United States Magistrate Judge pursuant to an order of referral, [Docket No. 5], made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), and upon Defendants' Motion to Withdraw Reference, [Docket No. 1]. A hearing on the Motion was held on April 17, 2017, and the matter was thereafter taken under advisement.[1] ([Docket No. 39]).

For the reasons set forth below, the Court recommends that Defendants' Motion to Withdraw Reference, [Docket No. 1], be **DENIED**.

## I.    BACKGROUND  AND STATEMENT OF FACTS

On December 7, 2015, the Diocese of Duluth ("Plaintiff") filed a petition in the United States Bankruptcy Court for the District of Minnesota ("the Bankruptcy Court") under Chapter 11 because of liabilities Plaintiff faces from negligence claims asserted by individuals who allege they were sexually abused by priests within the Diocese of Duluth. See, Liberty Mutual Ins. Co.

_____

[1] At the April 17, 2017, Motions Hearing, this Court denied as moot Defendant Liberty Mutual Group's Motion to Stay, [Docket No. 13], for reasons stated on the record. (Minute Entry, [Docket No. 39]).

v. Diocese of Duluth, Case No. 17-cv-798 (DWF), [Docket No. 1], 7.[2] On June 24, 2016, Plaintiff initiated an adversary proceeding seeking declaratory relief determining its rights under various insurance policies issued by Liberty Mutual Insurance Company[3] ("Liberty Mutual"), Catholic Mutual Relief Society of America ("Catholic Mutual"), Fireman's Fund Insurance Company ("Fireman's Fund"), Church Mutual Insurance Company ("Church Mutual"), and The Continental Insurance Company ("Continental"). (Objection, [Docket No. 1-1], 2; Adv. Docket, [Docket No. 1-2], 1-4, 7). Liberty Mutual, Fireman's Fund, and Continental are the only insurers who have brought the Motions presently before this Court.

The parties to the adversary proceeding stipulated to a stay of those proceedings while they participated in mediation of the insurance coverage issues. (Objection, [Docket No. 1-1], 2; Adv. Docket, [Docket No. 1-2], 7-8). After mediation was unsuccessful, Plaintiff filed an amended complaint in the adversary proceeding on December 2, 2016. (Objection, [Docket No. 1-1], 2; Adv. Docket, [Docket No. 1-2], 8).

On December 19, 2016, each defendant in the adversary proceeding filed its answer to the amended complaint; Liberty Mutual, Fireman's Fund, and Continental also filed counterclaims; and Continental filed a crossclaim against all of the other insurer defendants. (Objection, [Docket No. 1-1], 2; Adv. Docket, [Docket No. 1-2], 9). The same day, Plaintiff filed three motions for partial summary judgment on the coverage issues. (Objection, [Docket No. 1-1], 2; Adv. Docket, [Docket No. 1-2], 8). Also on December 19, 2016, Liberty Mutual, Fireman's Fund and Continental filed a motion in the adversary proceeding to transfer the matter to the District Court. (Amend. Motion to Withdraw, [Docket No. 1], 11; Objection, [Docket No.

---

[2] Case No. 17-cv-798 (DWF) is the appeal of an order by the Bankruptcy Court in the adversary proceeding at issue in the present Motion to Withdraw Reference and Motion to Stay.
[3] Liberty Mutual Insurance Company is incorrectly named in the adversary case as Liberty Mutual Group, [Docket No. 1-2], and it asserts to this Court that its proper title is Liberty Mutual Insurance Company.

1-1], 2; Adv. Docket, [Docket No. 1-2], 9). Plaintiff subsequently filed an objection to that transfer motion. (Id. at 10).

On January 12, 2017, the Bankruptcy Court held a hearing on the motion to transfer and denied the motion. (Id. at 11). With regards to the motions by Plaintiff for partial summary judgment, the Bankruptcy Court continued the hearing until February 9, 2017. (Id.). The defendants in the adversary proceeding then filed briefs in objection to the motions for partial summary judgment, and Plaintiff filed replies to those briefs. (Id. at 12-13).

On February 6, 2017, Liberty Mutual, Fireman's Fund, and Continental filed in the adversary proceeding the present Motion to Withdraw Reference; the following day, they also filed a motion before the Bankruptcy Court seeking to stay all matters in the adversary proceeding pending a ruling on their motion to withdraw reference. (Id. at 13).

On February 9, 2017, the Bankruptcy Court held a hearing on Plaintiff's pending motions for partial summary judgment, and thereafter it took the motions under advisement. (Id. at 13-14).

On February 15, 2017, Plaintiff filed an objection to the motion to stay. (Id. at 14). After a hearing on February 16, 2017, the Bankruptcy Court denied the stay motion. (Id.).

On February 17, 2017, Plaintiff filed an objection to the Motion to Withdraw Reference, and on February 22, 2017, the Bankruptcy Court forwarded to this Court the Motion to Withdraw Reference and Plaintiff's Objection thereto. (Id. at 15; [Docket Nos. 1, 1-1]).

On February 24, 2017, the Bankruptcy Court issued an order in the adversary proceeding denying the Plaintiff's motion for partial summary judgment in which it had requested partial judgment in its favor finding that a certain insurance policy existed. See, Diocese of Duluth v. Liberty Mutual Group, Inc., et al., No. 16-ap-05012, Docket No. 61 (Bankr. D. Minn.).

On March 2, 2017, the Bankruptcy Court issued an order in the adversary proceeding granting the Plaintiff's motion for partial summary judgment in which it had requested partial judgment in its favor "determining that the professional exclusion provision of the Exclusion of Medical Payments for Students Endorsement" in two specific insurance policies does not apply to Plaintiff's claims for coverage. See, Id. at Docket No. 63, p.2. On March 17, 2017, Defendant Liberty Mutual filed in this Court a Notice of Appeal of the Bankruptcy Court's March 2, 2017, Order. See, Liberty Mutual Ins. Co. v. Diocese of Duluth, Case No. 17-cv-798 (DWF), [Docket No. 1].

On March 30, 2017, the Bankruptcy Court entered an order in the adversary proceeding granting Plaintiff's remaining motion for partial summary judgment in which it had requested that the Bankruptcy Court "establish a legal standard for determining the number of occurrences in the defendants' occurrence based policies." See, Diocese of Duluth v. Liberty Mutual Group, Inc., et al., No. 16-ap-05012, Docket No. 76, p. 2 (Bankr. D. Minn.). On April 14, 2017, Liberty Mutual, Fireman's Fund, and Continental filed in this Court a Motion for Leave to Appeal the Bankruptcy Court's March 30, 2017, Order. See, Diocese of Duluth v. Liberty Mutual Group, et al., Case No. 17-cv-1167 (DWF), Docket No. 1.

Meanwhile, in relation to the present Motion to Withdraw Reference, [Docket No. 1], on April 5, 2017, Liberty Mutual filed its Reply in Support of its Motion to Withdraw Reference, [Docket No. 36].

The Motion to Withdraw Reference had previously been referred to the undersigned for hearing and Report on February 24, 2017. ([Docket No. 5]).

## II.    STANDARDS OF REVIEW

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, "the district courts of the United States have 'original and exclusive jurisdiction of all cases under Title 11'". . . . .

Congress also authorized the district courts to "refer any or all such proceedings to the bankruptcy judges of their district." By Order of July 27, 1984, the District of Minnesota referred "all bankruptcy cases and related proceedings to the Bankruptcy Judges for the District of Minnesota."

(Citations omitted.) Kelley v. JPMorgan Chase & Co., 464 B.R. 854, 858-59 (D. Minn. 2011).

Local Bankruptcy Rule 5011-1 provides:

A request for withdrawal of reference shall be made by motion filed with the clerk of the bankruptcy court. The motion shall show that relief by way of abstention, remand or transfer was first sought and not obtained or could not be sought from the bankruptcy court. . . . The clerk shall transmit each document to the clerk of the district court who shall file and treat the documents as a civil action and deliver the documents to a district judge for disposition. A motion for a stay under Federal Rule of Bankruptcy Procedure 5011(c) shall first be made to the bankruptcy court. If such relief is later sought in the district court, the request shall be made by additional motion filed with the clerk of district court, which shall show that the relief requested was first sought and not obtained from the bankruptcy court. [4]

Similarly, Federal Rule of Bankruptcy Procedure 5011 states that "a motion for withdrawal of a case or proceeding shall be heard by a district judge" and that the filing of such a motion "shall not stay the administration of the case or any proceeding therein before the bankruptcy judge" unless the bankruptcy judge orders a stay. Fed. R. Bank. P. 5011(a) and (c).

In addition, 28 U.S.C. § 157(d) states, in relevant part: "The [D]istrict [C]ourt may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Neither the statute nor the Eighth Circuit has defined "cause," but generally, whether to withdraw a matter from the Bankruptcy Court is a decision over which a District Court has broad discretion. See, Kelley v. Opportunity Finance, LLC, No. 14-cv-3375 (MJD), 2015 WL 321536 *2 (D. Minn. Jan. 26, 2015) (quoting

---

[4] See, fn. 1., supra.

Enviro-Scope Corp. v. Westinghouse Elec. Corp., 57 B.R. 1005, 1008 (E.D. Pa. 1985)). Some courts have "emphasized that withdrawal is an exception to the general rule that bankruptcy proceedings should be adjudicated in the [B]ankruptcy [C]ourt unless withdrawal [is] essential to preserve a higher interest." (Citations and internal quotation marks omitted.) Kelley, 464 B.R. at 860. "'Withdrawal, even discretionary withdrawal, is permitted only in a limited number of circumstances.'" (Citation omitted.) Id. "In deciding whether to withdraw a reference, the Court considers factors such as whether the claim is core, the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand." Kelley, 2015 WL 321536, at *2 (citing In re H & W Motor Express Co., 343 B.R. 208, 214 (N.D. Ia. 2006)); see, also, Kelley, 464 B.R. at 861 (citing cases from the Fifth and Eleventh Circuits and from the Middle District of Georgia).

> "Core proceedings" . . . include matters generally considered essential to the nature of the bankruptcy process, such as matters concerning the administration of the estate, allowance of claims, matters of dischargeability, applicability of the stay, and so on. See, 28 U.S.C. § 157(b)(2)(A)-(P). As the Eighth Circuit has explained, core proceedings are those which arise only in bankruptcy and involve a right created by federal bankruptcy law. Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773-74 (8th Cir. 1995).

In re Lee Sin, No. 10-43746-13, 2014 WL 7689811, *4 (Bankr. W.D. Mo. Oct. 7, 2014).

### III.    DEFENDANTS' MOTION TO WITHDRAW REFERENCE, [Docket No. 1]

As set forth above, a District Court may withdraw a proceeding referred to the Bankruptcy Court "on timely motion of a party, for cause shown."[5] 28 U.S.C. § 157(d). Although neither the Eighth Circuit, the controlling federal statute, the relevant Rules of Bankruptcy Procedure, nor the relevant Local Rules define "cause," courts have considered the following factors when determining whether there is cause to withdraw a matter from the

---

[5] Liberty Mutual, Fireman's Fund, and Continental assert that their Motion is timely, and Plaintiff does not contest this assertion; therefore, this Report and Recommendation does not further address the timeliness aspect of the present Motion to Withdraw Reference. (See, Mem., [Docket No. 1], 12-13; Objection, [Docket No. 1-1]).

bankruptcy court: (1) whether the claim is core, (2) the efficient use of judicial resources, (3) the delay and costs to the parties, (4) the uniformity of bankruptcy administration, (5) the prevention of forum shopping, and (6) the presence (or absence) of a jury demand. See, Kelley, 2015 WL 321536, at *2. The factors relevant to the determination of whether the Court should withdraw the reference to the Bankruptcy Court are largely interrelated, and consideration of one factor often implicates or leads to consideration of another factor. In addition, the Court is mindful that "'[w]ithdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate.'" In re HA 2003, Inc., No. 03 C 9008, 2004 WL 609799, *2 (N.D. Ill. March 24, 2004).

Liberty Mutual, Fireman's Fund, and Continental ask the Court to withdraw the reference of the adversary proceeding to the Bankruptcy Court. (Mem., [Docket No. 1], 9). They argue that withdrawal is appropriate because: (1) the Bankruptcy Court cannot enter a final judgment on the non-core issues raised by the parties in the adversary proceeding; (2) the defendants in the adversary proceeding have demanded a jury trial; (3) efficiency and judicial economy favor immediate withdrawal of the reference; and (4) withdrawal would not endanger the uniformity of bankruptcy administration. (Id. at 14-24; April 17, 2017, Motions Hearing, Digital Record, 1:40-42). In response, Plaintiff contends that the three movant Insurers have failed to show cause to justify withdrawal. (Objection, [Docket No. 1-1], 3-8).

### a. "Core" or "Non-Core" claims

A bankruptcy judge's authority varies depending "on the type of proceeding involved." As part of the 1984 revision of the Bankruptcy Code, Congress identified sixteen illustrative, but not exclusive, types of "[c]ore proceedings" . . . . "Bankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in cases under title 11.'" "Parties may appeal from final judgments of a bankruptcy court in core

proceedings to the district court, which reviews them under traditional appellate standards."

> "When a bankruptcy judge determines that a referred 'proceeding . . . is <u>not</u> a core proceeding but . . . is otherwise related to a case under title 11,' the judge may <u>only</u> 'submit proposed findings of fact and conclusions of law to the district court.'" If objected to, such findings and conclusions are subject to a de novo review by the district court, which then enters final judgment in such cases. District courts may also withdraw any case or proceeding referred to the bankruptcy court.

(Citations omitted and emphasis added.) <u>Kelley</u>, 464 B.R. at 859.[6]

Liberty Mutual, Fireman's Fund, and Continental argue that because the issues in the adversary proceeding are all non-core issues concerning only matters of state insurance coverage law upon which the Bankruptcy Court may only submit proposed findings of fact and conclusions of law to the District Court, requiring the adversary proceeding to continue in Bankruptcy Court will result in unnecessary duplication of effort when the matters are eventually reconsidered by the District Court. (Mem., [Docket No. 1], 14-18; April 17, 2017, Motions Hearing, Digital Record, 1:44-47).

Plaintiff's amended complaint in the adversary proceedings identified the following areas as being in dispute:

a. The Underlying Actions and Claims present a separate occurrence per-victim, per-priest, per-policy year;
b. The multi-year Insurance Policies and Certificates provide a separate per occurrence limit of liability in each annual period;
c. The Insurance Policies and Certificates' aggregate limits, if any are stated, do not apply to the Underlying Actions and Claims;
d. The Professional Services Exclusion included in the insurance policies that Liberty Mutual's predecessor sold to the Diocese does not apply to the Underlying Actions and Claims; and
e. A Great American Insurance Company policy, for which Liberty Mutual acquired responsibility, provides $1 million per occurrence of bodily injury coverage to the Diocese from 1964 to 1967.

---

[6] As the three movant Insurers acknowledge, parties may consent to a bankruptcy court adjudicating non-core claims for which litigants are constitutionally entitled to an Article III adjudication. <u>See</u>, <u>Wellness Intern. Network, Ltd. v. Sharif</u>, 135 S. Ct. 1932, 1939 (2015). Consent in the adversary proceeding at issue herein has not been given, so the consent exception is not further discussed.

Diocese of Duluth v. Liberty Mutual Group, Inc., et al., No. 16-ap-05012, Docket No. 8, pp. 6-7 (Bankr. D. Minn.). Liberty Mutual, Fireman's Fund, and Continental's counterclaims similarly rest on interpretation of the underlying insurance policies. (Mem., [Docket No. 1], 16-17; April 17, 2017, Motions Hearing, Digital Record, 1:44-47).

At least one Bankruptcy Court within the Eighth Circuit has found that claims based on state law "which affect the administration of the title 11 case, but which, in the absence of the bankruptcy, could have been brought in the state courts," were non-core claims upon which a Bankruptcy Court could only issue proposed findings of fact and conclusions of law for the District Court's review. See, In re Hutchins, 211 B.R. 319, 321 (Bankr. E.D. Ark.1997). Moreover, contract claims grounded in state law do not arise only in bankruptcy proceedings, and they do not involve rights created by federal bankruptcy law. Therefore, the Court agrees that the insurance coverage claims here in the adversary proceeding are non-core to bankruptcy law. See, In re Lee Sin, 2014 WL 7689811, at *4 (defining core claims).

To support their contention that the Bankruptcy Court's inability to enter a final order in the adversary proceedings justifies withdrawal of the reference, Liberty Mutual, Fireman's Fund, and Continental cite generally to two cases. (Mem., [Docket No. 1], 17). These cases, however, do not support the three movant Insurers' position. Matter of U.S. Brass Corp, 110 F.3d 1261, 1264-65 (7th Cir. 1997), addressed a Bankruptcy Court's decision to abstain under 28 U.S.C. § 1334(c)(1) in six lawsuits based upon insurance coverage under state law, and the Bankruptcy Court's decision to remand four of those lawsuits—which were not removable to Federal Court on the basis of diversity of citizenship—to state court, which is factually and materially different than the adversary proceeding at issue here. Similarly, QA3 Financial Corp. v. Catlin Specialty Ins. Co., No. 11-cv-327, 2012 WL 297150 (D. Neb. Feb. 1, 2012), is itself materially factually

distinguishable. That case involved the automatic stay of declaratory judgment proceedings in Federal District Court when the insured filed a subsequent voluntary petition under Chapter 11. Id. at *1. The Bankruptcy Court granted relief from the stay, and it allowed the declaratory judgment proceedings in the District Court to go forward; the District Court affirmed the order lifting the automatic stay on appeal by the debtor/insured after finding that the Bankruptcy Court's factual findings were not clearly erroneous, which was the only issue before the District Court. Id. at *1-3. The propriety of granting relief from an automatic stay in order to allow previously initiated proceedings in the District Court to move forward is not relevant to the issues presently before this Court.

Liberty Mutual, Fireman's Fund, and Continental also cite generally without further discussion to multiple cases which are purportedly examples of Federal District Courts withdrawing references to Bankruptcy Courts and allowing non-core insurance coverage disputes to be litigated in District Courts. (Mem., [Docket No. 1], 17-18; Reply, [Docket No. 36], 6-7). See, In re Lenders Abstract & Settlement Serv. Inc., 493 B.R. 385, 394, 397-98 (E.D. N. Y. 2013); DeWitt Rehab. & Nursing Center, Inc. v. Columbia Cas. Co., 464 B.R. 587, 591-94 (S.D. N. Y. 2012); In re Lawrence Grp., Inc., 285 B.R. 784, 787-89 (Bankr. N.D. N. Y. 2002); Wellman Thermal Sys. Corp. v. Columbia Cas. Co., No. 05-cv-1191-JDT-TAB, 2005 WL 4880619, *3-4 (S.D. Ind. Oct. 5, 2005); In re Allied Products Corp., No. 02 C 8436, 2003 WL 503805, *2 (N.D. Ill. Feb. 24, 2003); Travelers Indem. Co. v. Babcock & Wilcox Co., No. CIV.A. 01-3387, 2002 WL 100625, *3-4 (E.D. La. Jan. 23, 2002).

In response, Plaintiff points this Court to various cases in which courts "have rejected the argument that the Bankruptcy Court's exercise of authority in non-core matters is superfluous." (Objection, [Docket No. 1-1], 5). For example, in In re H & W Motor Express Co., 343 B.R. 208,

215-16 (N.D. Ia. 2006), the District Court for the Northern District of Iowa concluded that the movant had not shown cause to withdraw the reference even though the adversary proceeding was a non-core proceeding and there was a separate civil action involving some of the same parties pending in the District Court. The District Court specifically rejected the movant's argument that the bankruptcy reference should be withdrawn, simply "because it is likely that the court will have to eventually review the case de novo, [so] the court should bypass the [B]ankruptcy [C]ourt entirely now." Id. at 215. Noting that such arguments had been previously rejected by other courts, the Northern District of Iowa stated the following:

> Although [the movant] argues that the entitlement to de novo review would make the bankruptcy court determination "superfluous," that line of reasoning would prevent any non-core matter from ever being referred to the bankruptcy court. Without more, this argument carries little, if any, weight in favor of withdrawal. In other words, a party's mere threat to file objections to any future report and recommendation issued by the bankruptcy judge in a non-core proceeding is not "cause" for withdrawal of the reference under Section 157(d). . . . The mere fact a bankruptcy proceeding is not a core proceeding is not a sufficient reason to grant a motion for the withdrawal of the reference.

(Citations omitted.) Id. at 215-16. See, also, In re Lyondell Chem. Co., 467 B.R. 712, 723-24 (S.D.N.Y. 2012) ("[T][he defendants are correct that the [B]ankruptcy [C]ourt may not enter final judgment on . . . any non-core claims. . . [b]ut they are mistaken that the layers of litigation that this may create are unnecessary or inefficient."); In re Ames Dept. Stores, Inc., 190 B.R. 157, 163 (S.D.N.Y. 1995) (rejecting same "superfluous" argument).

This Court agrees with the In re H & W Motor Express Co. court:  the mere fact that an adversary "proceeding is not a core proceeding is not a sufficient reason [alone] to grant a motion for the withdrawal of the reference." See, 343 B.R. 216. Even the cases Liberty Mutual, Fireman's Fund, and Continental have cited to support their position do not grant motions for withdrawal based solely on the distinction between core and non-core proceedings. See, In re

Lenders Abstract & Settlement Serv. Inc., 493 B.R. at 397-98; DeWitt Rehab. & Nursing Center, Inc., 464 B.R. at 591-94; In re Lawrence Grp., Inc., 285 B.R. at 787-89; Wellman Thermal Sys. Corp., 2005 WL 4880619, at *3-4; In re Allied Products Corp., 2003 WL 503805, at *2; Travelers Indem. Co., 2002 WL 100625, at *3-4.

Moreover, as the United States District Court for the District of Nebraska recently noted: "'[E]ven if the [B]ankruptcy [C]ourt [is] not able to enter a final judgment in this case, judicial efficiency is likely promoted—not undermined—by allowing the [B]ankruptcy [C]ourt to proceed with the process of submitting proposed findings of fact and conclusions of law.'" Myers v. Niroomand-Rad, No. 16CV552, 2017 WL 244789, *3 (D. Neb. Jan. 20, 2017) (quoting Kelley, 2015 WL 321536, at *5).

Bankruptcy Rule 9033(b), which governs the procedure for proposed findings of facts and conclusions of law in non-core adversary proceedings which take place in Bankruptcy Court "'"is derived from [Rule 72(b)], which governs objections to a recommended disposition by a magistrate.'"" (Citations omitted). Leonard v. Dorsey & Whitney, LLP, 553 F.3d 609, 619 (8th Cir. 2009). And, as the Kelley court noted:

> This Court frequently refers matters to magistrate judges for reports and recommendations as a means of increasing, not decreasing judicial efficiency. See, 28 U.S.C. § 636(b)(1)(B). That same reasoning applies to proposed orders from the bankruptcy court, particularly because a bankruptcy judge "has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance." In re H & W Motor Express Co., 343 B.R. at 215 (citations omitted).

Kelley, 2015 WL 321536, at *5.[7]

---

[7] This Court disagrees with the assertion by the Fireman's Fund at the April 17, 2017, Motions Hearing that it is atypical for a District Court to refer dispositive motions (as opposed to nondispositive matters) for Report and Recommendation by a Magistrate Judge without consent of the parties. (See, April 17, 2017, Motions Hearing, 2:15-17). As with the Motion to Withdraw Reference, [Docket No. 1], currently before this Court, it is not at all atypical for the Undersigned in his experience to be referred for consideration dispositive matters and submit a Report and Recommendation to the District Court. See, Local Rules 72.1(a)-(b), 72.2(b). This is distinct from consent jurisdiction. See, Local Rule 72.1(c).

Contrary to the three movant Insurers' arguments to this Court, the District Court's role in reviewing proposed findings of fact and conclusions of law from the Bankruptcy Court (similar to how the District Court reviews reports and recommendations from Magistrate Judges) does <u>not</u> require the parties to "relitigate" issues in front of the District Court.[8] (<u>See</u>, April 17, 2017, Motions Hearing, Digital Record, 1:49-51). Rather, after a Bankruptcy Court submits proposed findings of fact and conclusions of law to the District Court, the parties may object to those recommendations if they so desire. The District Court reviews de novo any portions to which the parties object, and the District Court will thereafter either adopt or reject the proposed findings of fact and conclusions of law. <u>See</u>, <u>Cutcliff v. Reuter</u>, 791 F.3d 875, 881 (8th Cir. 2015) (setting forth procedure for matters referred from a District Court to a Bankruptcy Court); Bankruptcy Rule 9033.

Although the District Court may accept additional evidence in conjunction with its review of a Bankruptcy Court's recommendations, <u>see</u>, Bankruptcy Rule 9033(d), the development of the record which takes place in the Bankruptcy Court will make the District Court's review of any subsequent proposed findings of fact and conclusions of law in fact more efficient from the Court's point of view. The parties are not required to resubmit to the District Court evidence already submitted to the Bankruptcy Court, nor are they required to relitigate issues regarding which no party has objected. Moreover, speculation by Liberty Mutual,

---

[8] As to the Insurers' argument that having to "relitigate" the issues before the District Court would prejudice them, the only prejudice would be the de minimis cost involved, which is not the type of irreparable harm which would justify withdrawal of the Reference. <u>See</u>, <u>E.E.O.C. v. Consolidated Freightways Corp. of Del.</u>, 312 B.R. 657, 660-61 (W.D. Mo. 2004) (giving little weight to the litigation expenses a party might incur if forced to litigate a suit before the Bankruptcy Court rather than the District Court); <u>F.T.C. v. Standard Oil Co. of Cal.</u>, 449 U.S. 232, 244 (1980) ("'[T]he expense and annoyance of litigation is "part of the social burden of living under government."' . . . 'Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'").

Fireman's Fund, and Continental that <u>every</u> future recommendation by the Bankruptcy Court will draw objections by the parties is just that—speculation.[9]

### b. Jury Trial Demand

Next, the three movant Insurers contend that they are entitled to and have demanded a jury trial, which they state is a "key factor weighing in support of withdrawing the reference." (Mem., [Docket No. 1], 18).[10] Plaintiff responds that a jury trial demand does not require withdrawal of reference until the case is in fact ready for trial. (Objection, [Docket No. 1-1], 5-7).

Again, the <u>Myers</u> Court provides valuable guidance:

[A] jury demand does not require the immediate withdrawal of a reference to the bankruptcy court. . . .
    Even in cases in which a bankruptcy court is "not authorized to conduct" a jury trial, a district court may decide to "delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial." "[A] district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court."

(Citations omitted.) <u>Myers</u>, 2017 WL 244789, at *3. Similarly, the District Court for the Southern District of New York has observed:

"[T]he appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready." <u>In re Adelphi Institute, Inc.</u>, 112 B.R. 534, 538 (S.D.N.Y. 1990). A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy

---

[9] The Court declines to give persuasive weight to Continental's assertion at the April 17, 2017, Motions Hearing that "this is going to be a case . . . where, when Judge Kressel makes decisions, there are going to be appeals." (April 17, 2017, Motions Hearing, 2:20-21). To the extent that this is an efficiency argument, it is considered with the broader efficiency arguments herein.

[10] Under Local Bankruptcy Rule 5011-3, "a case is properly transferred to [D]istrict [C]ourt for trial when a party is entitled to a jury trial. Rule 5011-3, however, does not impact the [B]ankruptcy [C]ourt's work prior to trial on a case." <u>Ritchie Capital Management, L.L.C. v. JPMorgan Chase & Co.</u>, No. 14-cv-4786 (DWF/FLN), 2015 WL 12540194, *4 (D. Minn. July 2, 2015).

> favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts. Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court. See, [Business Comms., Inc. v. Freeman, 129 B.R. 165, 166 (N.D. Ill. 1991)].

In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992).

As Liberty Mutual conceded on the record at the April 17, 2017, Motions Hearing, the assertion that withdrawal of the Reference is required because of the jury trial demand is at best somewhat speculative at this stage in the proceedings. (April 17, 2017, Motions Hearing, Digital Record, 1:41-43).  It is not determined yet whether resolution of the adversary proceeding will eventually even involve a jury trial. At the April 17, 2017, Motions Hearing, Plaintiff indicated that it may still file additional motions for summary judgment in the adversary proceedings. (Id. at 2:26-27). Whether a jury trial will even ultimately be necessary in the adversary proceeding will be determined after the resolution of any forthcoming dispositive motions. As Liberty Mutual also acknowledged on the record at the April 17, 2017, Motions Hearing, withdrawal of the Reference at this point in the proceedings is not required to preserve the three movant Insurers' right to a jury trial in the adversary proceeding at the appropriate time. (Id. at 1:41-43).

### c.  Efficiency/Judicial Economy

Nevertheless, Liberty Mutual, Fireman's Fund, and Continental argue that judicial economy and efficiency still favor withdrawal of the reference. (Mem., [Docket No. 1], 18-23). In large part, these three Insurers repeat their argument, which this Court has already considered above, that it is more efficient to resolve the claims once, in the District Court, rather than to allow the Bankruptcy Court to issue findings of fact and conclusions of law which the District Court will review de novo, since every claim in the present adversary proceeding is a non-core

claim.[11] (Reply, [Docket No. 36], 3; April 17, 2017, Motions Hearing, 2:20-25). Liberty Mutual, Fireman's Fund, and Continental again simply assert that it is inefficient for the Bankruptcy Court to decide non-core issues on which it has no specialized expertise[12] (as it would if the issues implicated federal bankruptcy law) in a case with which they claim the Bankruptcy Court has no particular deep familiarity and issue recommendations which the District Court must review de novo. (Id. at 3-4).

The Court disagrees with the suggestion that the Bankruptcy Court here lacks any expertise with regards to the non-core insurance coverage issues present in the adversary proceeding. Consequently, this argument does not weigh in favor of withdrawal of the reference to the Bankruptcy Court. (See, April 17, 2017, Motions Hearing, Digital Record, 1:55-58). The Honorable Robert J. Kressel is presiding over the proceedings in Bankruptcy Court. (April 17, 2017, Motions Hearing, Digital Record, 1:40-41; Adversary Docket, [Docket No. 1-2]); see, generally, Diocese of Duluth v. Liberty Mutual Group, Inc., et al., No. 16-ap-05012 (Bankr. D. Minn.). Judge Kressel received his Juris Doctorate from Harvard Law School in 1972, and he has

---

[11] Liberty Mutual, Fireman's Fund, and Continental cite to Orion Pictures Corp. v. Showtime Networks, 4 F.3d 1095, 1101 (2d Cir. 1993), in which the Second Circuit stated: "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." (Id.). These Insurers do not acknowledge more recent case law from within the Second Circuit that questions whether the statement in Orion identifying the core/non-core distinction as dispositive survived the United States Supreme Court's decision in Stern v. Marshall, 564 U.S. 462 (2011), that "the constitutional grant of judicial power to Article III courts, not the statutory designation of 'core' or 'non-core' determines whether a bankruptcy judge may issue a final determination." See, In re FKF 3, LLC, No. 13-cv-3601 (KMK), 2016 WL 4540842, *4 (S.D.N.Y. Aug. 30, 2016). Courts have interpreted Stern's effect on Orion in different ways, including some courts that continue to apply Orion as originally set forth. See, Id. at *5-6 (describing different approaches taken "in adapting Orion to Stern's holding). Regardless, it is clear that the "privileged position" that the core/none core distinction once held under Orion is no longer uniformly accepted. Id.

[12] The three Insurers here concede that when pre-trial matters concerning primarily discovery and procedural disputes are before the Bankruptcy Judge, allowing a Bankruptcy Court to decide those disputes makes sense. (Mem., [Docket No. 1], 19). Here, however, the three movant Insurers point to the now-resolved motions for partial summary judgment, arguing that because the motions request substantive rulings on non-core insurance coverage issues, they should have been heard and decided in the first instance in the District Court in order to maximize efficiencies. (Id. at 19-22). Not only has the undersigned already dispatched this non-persuasive argument that the mere fact of the potential for de novo review upon objections alone justifies withdrawal of reference, this argument is moot, as the Bankruptcy Court has since ruled on the motions for partial summary judgment, so withdrawal of the reference could not prevent such a ruling.

served as a United States Bankruptcy Judge for nearly 35 years. Prior to his appointment to the United States Bankruptcy Court, Judge Kressel spent 7 years in private practice and 3 years with the Department of Justice. As Liberty Mutual acknowledged on the record at the April 17, 2017, Motions Hearing, the non-core issues in the present case are those of insurance coverage and contract law; they are not overly complex and they do not require specialized expertise to resolve. (April 17, 2017, Motions Hearing, Digital Record, 1:44-47, 1:54-56). This Court has the utmost confidence in Judge Kressel's proven ability to consider and decide these types of non-core issues as they are brought before him.

### d. Uniformity of Bankruptcy Administration/Forum Shopping

Liberty Mutual, Fireman's Fund, and Continental contend that withdrawing the reference would not endanger the uniformity of bankruptcy administration because the adversary proceeding does not involve or implicate bankruptcy law. (Mem., [Docket No. 1], 23). They also argue that withdrawal of the reference would not encourage forum shopping because they "have intended to seek withdrawal of the reference of this adversary proceeding from the beginning to avoid duplicative and costly litigation" in two fora rather than one. (Id.). Plaintiff does not reply to this argument in its Objection. (See, [Docket No. 1-1], 1-8). The Court finds that the uniformity of Bankruptcy Administration and any concern over forum shopping do not weigh strongly either in favor of or against withdrawal of the Reference.

### e. Analysis of All of the Factors as a Whole

As cited by the parties in their written submissions to this Court, various courts across the country have exercised their broad discretion to grant or deny motions to withdraw references on similar facts to varying degrees. Some courts place great emphasis on the fact that non-core matters will be reviewed de novo by District Courts, finding that the repetition of consideration

favors withdrawal of reference in non-core matters, while other courts find that such potential for review does not warrant withdrawal and instead they focus on the other factors.

As set forth above, this Court finds that although the matters in the adversary proceeding are non-core, the presence of non-core issues alone does not warrant withdrawal of the Reference to the Bankruptcy Court in this case. The non-core matters in the adversary proceeding involve insurance coverage disputes and do not require special expertise to resolve; Judge Kressel is more than capable of efficiently resolving them. Moreover, the fact that the Bankruptcy Court will issue proposed findings of fact and conclusions of law to the District Court rather than issuing final orders does not singularly justify withdrawal of the Reference. If that were enough to merit withdrawal of a Reference to the Bankruptcy Court, the exception would swallow the rule of reference, and the benefit and efficiency gained by the District Court through referring appropriate matters to the Bankruptcy Court would be entirely thwarted. Additionally, the Court finds that the jury trial demand in the adversary proceeding by the three movant Insurers does not warrant withdrawal of the Reference at this time, as it is not yet certain that the adversary proceeding will ultimately need to be resolved through a jury trial, and in any event, the denial of the Motion to Withdraw Reference will work no injury upon these insurers' right to a jury trial should one become necessary at the appropriate time. Finally, the interest of uniform bankruptcy administration and discouraging forum shopping do not weigh strongly either in favor or against withdrawal of the Reference.

Accordingly, considering all of the parties' arguments and the relevant factors as a whole, the Court recommends that the Motion to Withdraw Reference, [Docket No. 1], be denied.

### III.    CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Defendants' Motion to Withdraw Reference, [Docket No. 1], be **DENIED.**

Dated: May 17, 2017                                     s/Leo I. Brisbois
                                                                     The Honorable Leo I. Brisbois
                                                                     United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.