UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| In re: | Bankruptcy Case No.: 15-50792 |
| Diocese of Duluth, | Chapter 11 |
| Debtor-in-Possession. | |

_____

| | |
|---|---|
| Diocese of Duluth, | Adversary Proceeding No.: 16-05012 |
| Plaintiff, | Civil No. 17-549 (DWF/LIB); |
| v. | |
| LIBERTY MUTUAL GROUP, a Massachusetts corporation; CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, a Nebraska corporation; FIREMAN'S FUND INSURANCE COMPANY, a California corporation; CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin corporation; and THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on objections by certain Defendants (Doc. No. 48 ("Obj.")) to Magistrate Judge Leo I. Brisbois's May 17, 2017 Report and Recommendation (Doc. No. 43 ("R&R")).[1] Plaintiff filed a response to the objections on June 13, 2017. (Doc. No. 52 ("Reply").)

---

[1] On June 2, 2017, Defendant Church Mutual Insurance Company filed an untimely objection joining the Insurers' objections. (Doc. No. 50.) Because Church Mutual's

(Footnote Continued on Next Page)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly set forth in the Report and Recommendation and is incorporated by reference here. The Court notes particular facts relevant to this Order below. Based on the Court's review of the record and for the reasons set forth below, the Court grants the Defendants' motion to withdraw reference.

## BACKGROUND

Plaintiff Diocese of Duluth (generally, the "Diocese") filed for bankruptcy in December 2015 after a jury found the Diocese liable for the sexual abuse of a child by a Catholic priest. The Diocese then filed an adversary proceeding in bankruptcy court against its insurers seeking a declaration of coverage for claims arising from clergy sexual abuse. Defendants Liberty Mutual Group ("Liberty Mutual"), Fireman's Fund Insurance Company ("Fireman's Fund"), and The Continental Insurance Company ("Continental") (together, the "Insurers") are some of the Diocese's insurers. According to the parties, 125 proofs of claims have been filed against the Diocese related to clergy sexual abuse, some of which date back to the early 1950s. The Insurers have denied coverage. At issue here is whether the adversary proceedings should be withdrawn from the bankruptcy court and heard by the district court.

---

(Footnote Continued From Previous Page)
filing was untimely, the Court will not consider it. Additionally, Defendant Catholic Mutual Relief Society of America did not file an objection.

## DISCUSSION

Pursuant to 28 U.S.C. § 157(d), the district court may withdraw "in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Withdrawal is the "exception to the general rule" and should be granted only when it is "essential to preserve a higher interest." *Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 860 (D. Minn. 2011) (internal quotation marks omitted). The party seeking withdrawal bears the burden of showing cause exists. *Id.* While § 157(d) does not define what cause warrants withdrawal, courts have considered a range of factors including: (1) whether the claim is core to the bankruptcy proceedings; (2) the efficient use of judicial resources; (3) the delay and costs to the parties; (4) uniformity of bankruptcy administration; (5) the prevention of forum shopping; and (6) the presence of a jury demand. *Kelley v. Opportunity Fin., LLC*, Civ. No. 14-3375, 2015 WL 321536, at *2 (D. Minn. Jan. 26, 2015).

In applying these factors, the Magistrate Judge determined that: (1) the adversary proceeding did not present core claims; (2) withdrawal would not promote efficiency; (3) the factors of preventing forum shopping and promoting uniformity of bankruptcy did not "weigh strongly either in favor of or against withdrawal"; and (4) that a jury trial had been demanded. In weighing the factors, the Magistrate Judge recommended that the proceedings stay with the bankruptcy court. (R&R 17-19.) The Insurers argue that the Magistrate Judge incorrectly concluded that withdrawal was not appropriate.

First, the Magistrate Judge observed that the adversary proceeding did not present a core claim in the bankruptcy proceedings; instead, the adversary proceeding presented

3

state law issues related to insurance contracts.  (*See* R&R at 9.)  The Court agrees with the Magistrate Judge's analysis and incorporates it here.  Likewise, the Court agrees with the Magistrate Judge's conclusion that a finding of a non-core claim is not dispositive of the withdrawal motion.  (R&R 7-14.)  However, the Court notes that whether the claim is core or non-core is the "most important factor" in deciding whether to withdraw the claim to district court.  *See JPMorgan Chase & Co.*, 464 B.R. at 861 (citing *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996)).

Next, the Magistrate Judge determined that efficiency would not be promoted by withdrawing the case.  When an adversary proceeding involves a non-core claim, the bankruptcy judge will issue proposed findings and conclusions for the district court to review *de novo*.  (*See* R&R 12-13; *see also* Fed. R. Bankr. P. 9033.)  The Insurers argued to the Magistrate Judge that such a process would be inefficient.  The Magistrate Judge, however, concluded (consistent with other courts in this District) that withdrawal is not appropriate merely because the district court performs a *de novo* review.  (*See* R&R at 11.)  The Court agrees that withdrawal is not appropriate solely based on the fact that the district court reviews the case *de novo*.

The Insurers also argued that withdrawal was appropriate because the parties would likely seek leave to appeal numerous bankruptcy court orders.  In bankruptcy court, in addition to traditional appeal rights, the parties can seek leave from the district court to appeal interlocutory orders.  28 U.S.C. § 158.  The Magistrate Judge never examined the Insurers' argument regarding the likely numerous appeals to the district court.  (*See* R&R at 14 n.9.)  From the Court's perspective, the fact that the parties intend

to appeal many of the bankruptcy court's orders tips the efficiency scales toward withdrawing the case. Already, some of the defendants here have sought leave for interlocutory appeal for two orders from the bankruptcy court. *See Liberty Mutual Ins. Co. v. Diocese of Duluth*, Civ. Nos. 17-798 & 17-1167. And the Court expects that the parties will be back seeking review of additional bankruptcy court orders. (*See* R&R at 14 n.9.) So while the Court agrees with the Magistrate Judge's analysis in the abstract—withdrawal is not appropriate merely because the district court performs a *de novo* review—given the procedural history of this case, the Court concludes that efficiency will be promoted by withdrawing the case to district court.[2]

Next, the Magistrate Judge concluded that the factors of preventing forum shopping and promoting uniformity of bankruptcy did not "weigh strongly either in favor of or against withdrawal." (R&R at 17.) The Court agrees with the Magistrate Judge's analysis and incorporates it here.

The last factor is whether a jury trial has been demanded. The bankruptcy court can hear a jury trial but only when designated to do so by the district court and with the express consent of all the parties. 28 U.S.C. § 157(e). Here, the parties have not agreed

---

[2]   The Diocese argues that the insurance contracts are the principal assets of the bankruptcy estate and that withdrawing the adversary proceedings will impede the Diocese's ability to confirm a plan and exit bankruptcy. (Reply at 7.) While it may be the case that the Diocese's exit from bankruptcy will be delayed due to the resolution of the adversary proceedings, the Diocese has failed to demonstrate how that delay will be any greater with the case before the district court rather than before the bankruptcy court with the district court reviewing the findings *de novo*. Thus, the Court is unpersuaded by the Diocese's arguments to deny the motion to withdraw reference based on efficiency concerns.

5

to the jury trial before the bankruptcy court.  Thus, the case will eventually be transferred back to the district court.  (*See* Obj. at 6.)  But even when transfer is inevitable, courts have concluded that withdrawal does not need to be immediate.  Instead, the case will be transferred when it is clear that the case is headed to trial.  *JPMorgan Chase & Co.*, 464 B.R. at 863.  Thus, the jury demand is just another non-dispositive factor that weighs toward withdrawal.  (*See* R&R 14-15.)

In weighing the factors, the Court concludes that withdrawing the adversary proceeding from the bankruptcy court is appropriate.  The adversary proceeding deals with non-core claims, the parties have demanded a jury trial, and judicial efficiency will be promoted by withdrawing the matter because the Court will avoid numerous motions for leave to appeal interlocutory orders.  Accordingly, the Court orders the adversary proceeding withdrawn.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Insurers' objections (Doc. No. [48]) to Magistrate Judge Leo I. Brisbois's May 17, 2017 Report and Recommendation are **SUSTAINED**.

2. Defendant Church Mutual Insurance Company's objections (Doc. No. [50]) to Magistrate Judge Leo I. Brisbois's May 17, 2017 Report and Recommendation are **DENIED**.

3. Magistrate Judge Leo I. Brisbois's May 17, 2017 Report and Recommendation (Doc. No. [43]) is **ADOPTED AS MODIFIED**.

4.	The Insurers' Motion to Withdraw Reference (Doc. No. [1]) is

**GRANTED**.

5.	The Adversary Proceedings, case no. 16-05012, will be transferred to the district court and assigned to Judge Donovan W. Frank and Magistrate Judge Leo I. Brisbois.

Dated:  July 18, 2017	<u>s/Donovan W. Frank</u>
	DONOVAN W. FRANK
	United States District Judge